## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

**STINSON PETROLEUM COMPANY, INC.,**            **CASE NO. 09-51663-NPO**

**DEBTOR.**                                                                              **CHAPTER 11**

## MEMORANDUM OPINION AND ORDER
## CONVERTING CHAPTER 11 CASE TO CHAPTER 7 CASE

On December 14, 2009, a hearing (the "Hearing") was held on the Court's Order to Show

Cause (Dkt. No. 425) to determine if cause exists for the dismissal or conversion of the above-

referenced bankruptcy case pursuant to 11 U.S.C. § 1112(b). See In re Nikron, Inc., 27 B.R. 773,

777 (Bankr. E.D. Mich. 1983) (discussing *sua sponte* power of court to convert or dismiss a chapter

11 case); see also In re Timbers of Inwood Forest Assocs., 808 F.2d 363, 373-74 (5th Cir. 1987)

(discussing duty of court to provide early and orderly management of chapter 11 cases).  At the

Hearing, Craig M. Geno and Jeffrey Kyle Tyree represented the Debtor, Stinson Petroleum

Company, Inc.("Stinson"); Douglas C. Noble represented World Fuel Services, Inc. ("World Fuel");

Jan Marie Hayden and Greta Manning Brouphy represented the Official Committee of Unsecured

Creditors ("Committee"); Gilbert R. Saydah, Jr., Jeffrey P. Reynolds, and Julie P. Ratliff represented

BP Products NA ("BP"); James A. McCullough, II, represented Gulf Coast Bank & Trust Company

("Gulf Coast Bank"); Jeffrey D. Rawlings represented Community Bank; Betty Ruth Fox represented

Gulf South Community Rebirth Fund I, LLC ("Gulf South"); and Christopher Steiskal represented

R. Michael Bolen, United States Trustee for Region 5.

The Order to Show Cause was not the only matter under consideration at the Hearing. In a matter closely related to the present issue, there was extensive testimony, documentary evidence, and oral argument regarding Stinson's Emergency Motion for Interim and Final Orders (I) Authorizing Debtor to Obtain Post-Petition Secured Fuel Supply Facility, (II) Authorizing Use of Cash Collateral and Granting Adequate Protection and (III) Scheduling a Final Hearing Pursuant to Rule 4001. (Dkt. No. 449). Some background on Stinson's efforts to find post-petition financing is relevant to the issue at hand.

Stinson's emergency request for authority to obtain post-petition secured financing from World Fuel, one of its largest unsecured creditors, was the fourth such financing motion filed in this case and was made necessary by the refusal of its current post-petition lender, Community Bank, to continue its lending arrangement past December 22, 2009. (Dkt. No. 438). Stinson's request resulted in the filing of responses in opposition to the proposed new post-petition lender by the Committee (Dkt. No. 458), Gulf Coast Bank (Dkt. No. 459), and Gulf South (Dkt. No. 460). Only Community Bank filed a response in support of the new lender. (Dkt. No. 463). At the Hearing, the Committee took the lead in opposing Stinson's request.

After considering the evidence and arguments of counsel, the Court read its opinion from the bench denying Stinson's request on grounds, *inter alia*, that the testimony regarding Stinson's proposed budget was based entirely on income and expense calculations provided by Stinson itself, rather than on actual past payment history. Moreover, even with unsubstantiated growth estimates, the prospects for Stinson's ability to meet its ongoing expenses with the new lending arrangement with World Fuel was far from certain, as aptly demonstrated by the Committee. Most troubling to

the Court was the relationship between Stinson and its related entities and the apparent inability or unwillingness of Stinson to separate its own financial future from that of its related entities. Also troubling was the proposed arrangement with World Fuel as a "hands on" lender, whereby World Fuel would make decisions on who would be paid and when, and thus would assume certain of Stinson's fiduciary responsibilities.  In effect, World Fuel would become an unofficial trustee with loyalty only to itself.  In the end, this Court denied  Stinson's emergency request for post-petition financing by World Fuel.

Immediately after its denial of Stinson's post-petition financing motion, the Court gave all counsel present  an opportunity to be heard and present witnesses on the issue as to whether grounds exist for the dismissal of this case, the conversion of this case, or the appointment of a chapter 11 trustee.  None of the interested parties expressed a preference for dismissal or conversion, however, the Committee expressed its preference for the appointment of a chapter 11 trustee.  Counsel for Stinson stated that in the absence of any post-petition financing, the only option was conversion.

Stinson admitted more than once at the Hearing that it was not a perfect debtor, and this Court finds that Stinson's imperfections are more than what chapter 11 allows.  Accordingly, the Court, after having considered the pleadings, the testimony of witnesses, and the arguments of counsel, finds that it is in the best interest of the creditors that this case be converted from a chapter 11 case to a chapter 7 case, thereby stemming the operating losses, avoiding further improper or imprudent transactions with related entities, and allowing for a prompt and orderly liquidation.  For the reasons outlined above, cause exists under 11 U.S.C. § 1112(b)(4)(A)(B)(D) and (E). In addition, cause exists under 11 U.S.C. § 1112(b)(4)(F) because of Stinson's failure to file monthly operating

reports in a timely fashion.

IT IS, THEREFORE, ORDERED that this chapter 11 case is converted to a chapter 7 case.

IT IS FURTHER ORDERED that a chapter 7 trustee shall be appointed without delay.

SO ORDERED.

Neil P. Olack
United States Bankruptcy Judge
Dated:  December 16, 2009